IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN GOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-054 |
| | ) | |
| TOM GRAMIAK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Ware State Prison in Waycross, Georgia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 that is before the Court on Respondent's motion to dismiss the petition as unexhausted. (Doc. no. 12.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, and the petition be **DISMISSED** as a matter of comity while Petitioner challenges the same burglary convictions in the state habeas court.

### I.    BACKGROUND

On February 16, 2011, a jury in the Superior Court of Richmond County, Georgia, found Petitioner guilty on two counts of burglary in violation of O.C.G.A § 16-7-1. (Doc. no. 1, pp. 1-2.) The Superior Court sentenced Petitioner to twenty years incarceration. (Id.) Petitioner filed a direct appeal to the Georgia Court of Appeals raising the following grounds for relief:

I.     Trial counsel's cumulative failures and mistakes resulted in a non-adversarial

process and resulted in prejudice affecting the outcome of the trial. Specifically, trial counsel was ineffective when she:

a. failed to object to the admission of similar transaction evidence;

b. failed to object to the evidence [Petitioner] possessed drugs on a date unrelated to either burglary in the indictment;

c. failed to assist [Petitioner] being dressed in non-jail clothing at trial;

d. failed to file a motion to sever the residential and commercial burglaries which had no overlapping evidence or witnesses;

e. failed to object to improper hearsay testimony by the State's witness Sims;

f. opened the door to the admission of evidence of [Petitioner's] exercise of his right to remain silent and his right to counsel;

g. failed to object to the State's improper closing argument regarding [Petitioner's] future dangerousness; and

h. failed to object to the trial court's failure to give a jury instruction on impeachment by prior inconsistent statement.

II. The trial court erred in admitting evidence of prior theft and driving offenses as "similar transactions" when such evidence was not sufficiently similar to the burglary case.

III. The trial court erred in admitting evidence that [Petitioner] had previously possessed cocaine as it was improper character evidence.

IV. The trial court erred in allowing [Petitioner] to wear jail-issued clothing throughout trial.

V. The trial court erred in allowing the State to introduce evidence of [Petitioner's] post-arrest silence.

VI. The trial court erred in allowing the State's witness Sims to give improper

2

           hearsay testimony.

VII.     The trial court erred in allowing the State to make improper closing arguments regarding Petitioner's future dangerousness.

VIII.    The trial court erred in failing to charge the jury on impeachment by prior inconsistent statement.

(Doc. no. 13-1, pp. 7-9.) The Georgia Court of Appeals affirmed Petitioner's conviction and sentence on November 20, 2014. (Doc. no. 1, p. 2.) In addressing Petitioner's ineffective assistance of counsel claims, the Georgia Court of Appeals determined Petitioner's counsel made "multiple mistakes in her representation . . . [but] these mistakes were not such that we can conclude that the outcome of [Petitioner's] trial would have been different . . . ." (Doc. no. 13-3, p. 6.) The Georgia Court of Appeals dismissed Petitioner's remaining enumerations of error, finding they were not preserved for appeal because he failed to make the appropriate contemporaneous objections at trial. (Id. at 20.)

Petitioner filed a petition for certiorari, and the Georgia Supreme Court denied it on April 9, 2015. (Doc. no. 1, p. 2; doc. no. 13-4.) On January 25, 2016, Petitioner filed a state habeas corpus petition in the Superior Court of Ware County, raising the following grounds for relief:

I.       Appellate counsel was ineffective for failing to raise on direct appeal a claim raised in the motion for new trial.

II.      Appellate counsel was ineffective for failing to procure a hearing transcript, causing "abandonment."

III.     Appellate counsel abandoned Petitioner by failing to investigate and collect a

> court transcript prior to the motion for new trial.
>
> IV. Trial counsel was ineffective by "cumulative analysis."
>
> V. The trial court erred when it allowed Petitioner to attend his trial wearing jail clothing.

(Doc. no. 13-4, p. 3.) The state habeas court originally scheduled a hearing for May 12, 2016, but continued it until July 14, 2016. (Doc. nos. 13-5, 13-6.) There is no indication the state habeas court has ruled on the petition.

Petitioner filed the instant federal petition on April 4, 2016, raising the following grounds for relief:

> I. Trial counsel was ineffective for failing to raise the issue that Petitioner was dressed in "jail-jumpsuit clothing" during the entire trial.
>
> II. Trial counsel was ineffective for failing to request severance between the "commercial" and "residential" burglaries.
>
> III. Trial counsel failed to make any objections, was non-adversarial, and abandoned Petitioner. Witness testimony was insufficient and there were errors with the evidence at trial.
>
> IV. Trial counsel was ineffective when she sabotaged Petitioner's right to remain silent.
>
> V. Trial counsel failed to object to the erroneous admission of similar transaction evidence, violating Petitioner's Sixth and Fourteenth Amendment rights.
>
> VI. Trial counsel failed to object to the state's improper closing argument resulting in "plain error."
>
> VII. The trial court erred in allowing: (1) Petitioner to wear jail issued clothing throughout the trial; (2) the state's witness to give improper

> hearsay testimony; (3) the state to introduce evidence of Petitioner's post arrest silence; (4) evidence Petitioner previously possessed cocaine; and also erred by (5) failing to charge the jury on impeachment by prior inconsistent statement.

Respondent moves to dismiss, arguing the petition is a mixed petition because Petitioner has not previously raised his Ground III claim in the state courts, it is unexhausted, procedurally defaulted, and any cause in the form of ineffective assistance to overcome the default is unexhausted. (Doc. no. 12-1, p. 2.) Respondent also argues the petition should be dismissed because principles of comity are violated where, as is the case here, Petitioner is allowed to pursue simultaneous attacks in both state and federal courts on the same state convictions. (Id. at 5.) The Court ordered Petitioner to respond to Respondent's motion to dismiss, Petitioner has failed to do so, and the motion is unopposed. (See doc. no. 14.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") encourages petitioners to exhaust all avenues for relief in state court before proceeding in federal court, by tolling the one-year statute of limitations for filing a federal habeas action while a motion for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). This tolling provision furthers principles of "comity, finality, and federalism," and if a petitioner receives relief in state court, the need for federal review may be narrowed or obviated. See 28 U.S.C. § 2244(d)(1); Wall v. Kholi, 562 U.S. 545, 558 (2011). A petitioner violates principles of comity when he files simultaneous attacks in federal and state court on the same state

5

convictions. Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983); Pearce v. Chatman, No. 1:11-CV-0128-WSD-WEJ, 2011 WL 1828378, at *2 (N.D. Ga. Apr. 21, 2011), report and recommendation adopted, No. 1:11-CV-0128-WSD-WEJ, 2011 WL 1827996 (N.D. Ga. May 12, 2011); Brown v. Walker, No. 1:09-CV-2534-WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010).

If a petitioner brings simultaneous attacks in state and federal court on the same state convictions, a federal district court should dismiss the federal petition without prejudice such that a petitioner may refile his federal petition when he has exhausted his state court remedies. See Horowitz, 709 F.2d at 1404. A Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also

Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).

Here, Petitioner is simultaneously pursuing relief on his state convictions through a pending state habeas petition. (See doc. no. 1, p. 17.) Petitioner has not alleged any unreasonable delay on the part of the state habeas court, which recently conducted a hearing on Petitioner's claims on July 14, 2016. (Doc. no. 13-6.) Because Petitioner has not given the state habeas court an opportunity to act on his claims before bringing his federal habeas petition, the Court recommends Respondent's motion to dismiss be granted and the petition be dismissed without prejudice. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Furthermore, because Petitioner's pending state habeas corpus petition tolls the federal limitations period, there is no need to stay the instant federal action. See 28 U.S.C. § 2244(d)(2); Rhines v. Weber, 544 U.S. 269, 273-74 (2005).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, and the petition be **DISMISSED** as a matter of comity

while Petitioner challenges the same burglary convictions in the state habeas court.

SO REPORTED AND RECOMMENDED this 5th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA